Filed 9/26/22  In re J.M. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re J.M., a Person Coming Under the Juvenile Court Law. | |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>S.S.,<br><br>        Defendant and Appellant. | D080554<br><br>(Super. Ct. No. EJ4679) |

APPEAL from an order of the Superior Court of San Diego County, Gary M. Bubis, Judge.  Conditionally reversed and remanded with directions.

Emily Uhre, under appointment by the Court of Appeal, for Defendant and Appellant.

Claudia Silva, County Counsel, Caitlin E. Rae, Chief Deputy County Counsel, and Tahra Broderson, Deputy County Counsel, for Plaintiff and Respondent.

In this dependency proceeding, the juvenile court granted J.M.'s petition under Welfare and Institutions Code section 388 to stop visits with her mother, S.S. (Mother).[1] Mother appeals that order, on the sole basis that the San Diego County Health and Human Services Agency (Agency) and the juvenile court did not comply with their inquiry duties under the federal Indian Child Welfare Act (25 U.S.C. § 1901 et seq.) (ICWA) and section 224.2. She contends the Agency failed to ask paternal grandmother, maternal grandparents, and maternal aunt about the family's possible Native American heritage, and it failed to make sufficient efforts to locate an additional 25 potential relatives it had contacted by mail as part of the family finding efforts.[2]

The Agency concedes the error, acknowledging its "initial ICWA inquiry was deficient and failed to comply with . . . section 224.2, subdivision (b)." The Agency's concession is proper. In California dependency proceedings, the juvenile court and Agency have an "affirmative and continuing duty to inquire" whether a child "is or may be an Indian child." (§ 224.2, subd. (a).) The Agency's initial duty of inquiry includes "asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child." (§ 224.2, subd. (b).) ICWA defines " 'extended family member' " by "the law or custom of the

---

[1]    All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2]    As Mother acknowledges, it is unclear what type of relationship, if any, these individuals had with J.M. It is therefore also unclear whether any of these persons qualify as an "extended family member" or a necessary subject of ICWA inquiry under section 224.2, subdivision (b).

2

Indian child's tribe" or, absent such law or custom, as "a person who has reached the age of eighteen and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 U.S.C. § 1903(2); § 224.1, subd. (c) [" 'extended family member' . . . defined as provided in [§] 1903" of ICWA].) Thus, the Agency is correct that it should have contacted the paternal grandmother, maternal grandparents, and maternal aunt about the family's possible Native American heritage. We therefore conclude substantial evidence does not support the juvenile court's finding that ICWA did not apply.

The Agency further agrees a conditional reversal and limited remand is appropriate to ensure compliance with the inquiry provisions of ICWA and section 224.2. Mother and the Agency have submitted a joint stipulation for issuance of an immediate remittitur pursuant to California Rules of Court, rule 8.272(c)(1). We shall conditionally reverse the order granting J.M.'s section 388 petition with a limited remand for the Agency and the juvenile court to comply with ICWA and section 224.2.[3]

---

[3] Before reversing or vacating a judgment based upon a stipulation of the parties, an appellate court must find "both of the following: [¶] (A) There is no reasonable possibility that the interests of nonparties or the public will be adversely affected by the reversal. [¶] (B) The reasons of the parties for requesting reversal outweigh the erosion of public trust that may result from the nullification of a judgment and the risk that the availability of stipulated reversal will reduce the incentive for pretrial settlement." (Code Civ. Proc., § 128, subd. (a)(8).) The present case involves reversible error because the parties agree, and we concur, that the Agency failed to comply with ICWA and related California provisions. Because this case would be subject to reversal to permit compliance with ICWA and corresponding California statutes and rules absent the parties' stipulation, a stipulated remand

## DISPOSITION

The June 14, 2022 order granting J.M.'s section 388 petition is conditionally reversed and the matter is remanded to the juvenile court with directions that within 30 days of the remittitur the Agency must file a report demonstrating its compliance with the inquiry provisions of ICWA and section 224.2, subdivision (b), and, if required, conduct further inquiry under section 224.2, subdivision (e). Within 45 days of the remittitur, the juvenile court must conduct a hearing to determine if the Agency's investigation satisfied its affirmative duty to investigate. The juvenile court has the discretion to adjust these time periods on a showing of good cause.

If neither the Agency nor the juvenile court has reason to believe or to know J.M. is an Indian child, the June 14, 2022 order shall be reinstated. Alternatively, if after completing the inquiry, the Agency or the juvenile court has reason to believe or to know J.M. is an Indian child, the juvenile court shall proceed accordingly. The remittitur shall issue immediately. (Cal. Rules of Court, rule 8.272(c)(1).)

DO, J.

WE CONCUR:

HUFFMAN, Acting P. J.

HALLER, J.

---

advances the interests identified by Code of Civil Procedure section 128, subdivision (a)(8). (See *In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

4